IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAURA WETZEL-SANDERS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-873-K |
| ) | ECF |
| FEDERAL MEDICAL CENTER ) | |
| CARSWELL, ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Parties:** Plaintiff is a federal prisoner currently incarcerated in the Carswell Federal Medical Center in Fort Worth, Texas. She has filed this complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

**Discussion:** Plaintiff claims Defendant violated her civil rights when the medical staff gave her the wrong medication, the wrong dose of medication, and gave her complete access to her medication. She states that as a result, she suffered an over-dose of medication which required her to have a tracheotomy. Defendant is located in Tarrant County, Texas. The actions that Plaintiff complains about occurred in Tarrant County. Tarrant County is located in the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124(a)(2)

Congress has recognized that substantial advantages may be gained by having the case resolved in the court located nearest the site of the underlying controversy. *Braden v. 30th*

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

*Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973). The terms of 28 U.S.C. § 1404(a) provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court may transfer a case upon a motion or *sua sponte*. *See* 28 U.S.C. § 1404 and § 1406. The court has broad discretion in deciding whether to order a transfer. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *accord Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989).

The incidents out of which Plaintiff's claims arise occurred in Tarrant County within the Fort Worth Division of the Northern District of Texas. The records and potential witnesses would be readily accessible there, making the Fort Worth Division of the Northern District of Texas a more convenient forum. *See Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982), *cert. denied sub nom., Bell v. Thigpen*, 464 U.S. 843 (1983). Transfer to the Fort Worth Division of the Northern District of Texas is appropriate in this case, and the Court recommends that this case be transferred.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that this case be transferred to the Forth Worth Division of the Northern District of Texas.

Signed this 23rd day of June, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).